**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0673n.06

**No. 11-6273**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jul 22, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHARLES DENVER BAKER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| BECTON, DICKINSON AND COMPANY, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellee. | ) | |

Before:  KEITH, MARTIN, and ROGERS, Circuit Judges.

**BOYCE F. MARTIN, JR., Circuit Judge.**  Denver Baker sued his former employer, Becton, Dickson, and Company, for age discrimination.  The district court found that Baker did not present direct evidence of discrimination and that he had not presented enough circumstantial evidence to meet his burden of proving that Becton's legitimate, non-discriminatory reason for terminating Baker was pretext.  Baker appeals the district court's grant of Becton's summary judgment motion.  For the reasons that follow, we **REVERSE** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.

I.

Baker worked at Becton, a global medical technology company, from 1987 until his termination in 2008.  At the time of Baker's termination he was fifty-eight-years-old.  During his time at Becton, Baker held the position of an Account Business Manager in Becton's Infectious

Disease division. As an Account Business Manager, Baker was expected to maintain existing clients and create new sales opportunities. One of the products that Baker sold was a blood-testing product called BACTEC, which is the product most relevant to this case.

From 2006 until 2008 Baker reported to his superior, Mike Nugent, who was in his thirties at the time. In 2007, Nugent gave Baker a very good year-end review. However by 2008, Baker's sales had dropped and he ranked within the bottom 50% of Account Business Managers in sales in the region. In particular, Baker lost a series of BACTEC accounts, starting with the Jewish Healthcare account, and also lost business amounting to around one hundred thousand dollars for manual rapid testing products. In February 2008, Baker alerted Nugent to issues surrounding a BACTEC contract with Highlands Regional—Highlands Regional was planning on signing with a competitor in July if Becton did not allow it to sign a shorter contract of twelve to eighteen months. In March 2008, Jennie Stuart Medical Center also canceled its BACTEC contract.

In April, Nugent consulted with his supervisor, Richard Briggs, about Baker's sales and they determined they would place Baker on an informal performance improvement plan. Nugent asked Baker to create a plan for how he could make up for the recent sales losses. The informal performance plan was to last ninety days. It was at this point, Baker alleges, that Nugent began to make comments related to Baker's age during a series of phone calls.

First, Baker alleges that on April 14, 2008, Baker alleges that Nugent told him something along the lines of, "you are getting too old and making assumptions that younger people do not make." Second, on a sales call the next Monday, Nugent told Baker, "[y]ou are too old and lack energy and eagerness. You are not the kind of sales rep that [Becton] want[s] to build its future on."

Finally, on another sales call a few days later Nugent told Baker he was "too old and too slow," and that he "did not want anyone over 40 in sales."

By July 2008, Baker had not met the goals he had set for himself in his informal performance plan and Nugent, Briggs, and Becton's Human Resources Partner, Michelle Erickson, placed Baker on a formal performance improvement plan with goals created by Nugent. One of the performance improvement goals was that Baker could not lose any additional BACTEC accounts.

On August 25, 2008, Baker lost the Highlands Regional BACTEC account, which had been in jeopardy since February. Nugent, Briggs, and Erickson terminated Baker in August. Nugent said the impetus for the termination was the loss of the Highlands Regional Account.

In addition, Baker alleges that over the course of Nugent's time as a supervisor he also got rid of two other Account Business Managers who were in their fifties at the time. First, shortly after becoming regional supervisor, Nugent approached Beverly Callahan, age 57, about her sales numbers. Following the performance discussion, Callahan decided to voluntarily retire. Second, Nugent terminated Margaret Braddy, age 51, in May 2008 after Nugent implemented a formal performance plan with a goal of no new BACTEC losses.

Baker brought suit, alleging that the real reason for his termination was age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Kentucky Civil Rights Act, KRS § 344. Baker alleged that Nugent set Baker up to fail his performance plan by requiring no new BACTEC losses, even though Nugent was aware the Highlands Regional account was in jeopardy. As additional supporting evidence for his claims, Baker pointed to Nugent's comments and to the termination of Callahan and Braddy.

No. 11-6273
*Baker v. Becton, Dickinson, and Co.*

Becton filed a motion for summary judgment, which the district court granted in October 2011. The district court held that Baker did not present direct evidence of discrimination, and further held that Baker's circumstantial evidence failed to raise a genuine issue of material fact regarding whether Becton's legitimate, non-discriminatory reason for terminating Baker was pretext. Baker appeals the district court's decision.

II.

We review a district court's grant of summary judgment de novo. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). Summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We consider the facts in the light most favorable to the nonmoving party and a genuine dispute of material fact exists if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Age Discrimination in Employment Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Plaintiffs have the burden of persuasion to show that "age was the 'but-for' cause of the employer's adverse action." *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 283 (6th Cir. 2012) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

A plaintiff may prove age discrimination by either direct evidence or circumstantial evidence. *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). Direct evidence is evidence that "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's

- 4 -

actions." *Id.* (quoting *Wexler v. White's Fine Furniture, Inc.,* 317 F.3d 564, 570 (6th Cir. 2003) (*en banc*). Meanwhile circumstantial evidence is evidence that "does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Id.* Here, we need not decide whJuly 18, 2013ether Nugent's statements are extreme enough to constitute direct evidence, because they support a circumstantial-evidence argument, and thus we consider the case on Baker's circumstantial evidence alone.

When assessing a plaintiff's circumstantial evidence we apply the *McDonnell Douglas* burden-shifting framework. *Id.* at 622. The plaintiff must first present a prima facie case and the employer may then respond with a legitimate, non-discriminatory reason for its employment decision. *Blizzard*, 698 F.3d at 283. Once the employer has provided a non-discriminatory reason, the burden of production reverts to the plaintiff to provide evidence proving the employer's proffered reason is pretext. *Id.*

To present a prima facie case of age discrimination a plaintiff must establish four elements: "(1) he was at least 40 years old at the time of the alleged discrimination, (2) he was subjected to an adverse employment action, (3) he was otherwise qualified for the position, and (4) the successful applicant was substantially younger than the plaintiff." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998). It is undisputed that Baker was over forty years old at the time of his termination, that he was terminated from his job, and that he was replaced by a younger person. However, Becton argues that Baker cannot prove the third factor, that he was qualified at the time of his termination, and points to Baker's decreasing sales numbers for support.

While Baker's sales dropped significantly in his last year at Becton, he had held the position of Account Business Manager from 1987 until 2008. In Nugent's review of Baker in October 2007, Nugent said that 2007 had been one of Baker's strongest years with Becton and noted Baker had a large amount of technical expertise and strong teamwork skills. Furthermore, before Nugent took over the supervisory role, Baker's reviews were positive as well. In Baker's October 2006 review, Baker's supervisor described Baker as having "rock solid integrity, experience and knowledge, and tremendous dedication." The review ended with, "[one] thing for sure, [Baker] is consistently on the front end of both challenges and opportunities – he lives [Becton] values." There is sufficient evidence that Baker was qualified for the position and satisfied his prima facie case.

The district court held that even if Baker satisfied his prima facie burden, Becton had responded with a legitimate, non-discriminatory reason by noting the various sales losses that Baker had sustained over the last year. Baker had lost significant BACTEC clients including Jewish Healthcare and the Highlands Regional account. Furthermore, in March of 2008, Baker ranked last in his region for BACTEC sales. Becton argues that it terminated Baker for his failure to meet his performance goals, declining sales, and the loss of significant clients.

Plaintiffs may prove pretext by providing circumstantial evidence that demonstrates the employer's stated reason did not actually motivate their conduct. *Wexler*, 317 F.3d at 576 (citing *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir.2000)). As circumstantial evidence Baker points to the comments Nugent made to him during three sales phone calls and the alleged systematic removal of two other Account Managers who were in their fifties. Baker further alleges that Nugent

set him up to fail by creating a performance plan requiring no more BACTEC losses when Nugent was aware that at least one of Baker's accounts was in jeopardy.

Baker's argument about Nugent's comments to Baker cannot be easily dismissed. Nugent commented that Baker was "getting too old and making assumptions that younger people do not make." Nugent also commented that Baker was "too old and lack[ed] energy and eagerness," and that he was "not the kind of sales rep that [Becton] want[s] to build its future on." Finally, Nugent commented that Baker was "too old and too slow," and Nugent also said he "did not want anyone over 40 in sales."

On their face, Nugent's comments juxtapose Baker, whom he described as "too old," against his "younger" colleagues. Furthermore, while of course a person may lack energy and eagerness regardless of age, Nugent's comments are clearly made in relation to Baker's age. The comments also refer to Nugent's hopes for his sales team in the future, which he hoped would include no one over forty years old. These comments were made just prior to Baker being placed on a formal performance improvement plan. Additionally, when formulating Baker's performance plan with the requirement of no new BACTEC losses, Nugent was already aware that Highlands Regional was considering signing with a competitor. Nugent's statements and their temporal proximity to Becton's implementation of a performance improvement plan that, arguably, Baker was incapable of satisfying, constituted sufficient evidence of pretext to create a genuine issue of material fact. The district court judgment is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.